UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:09-CR-084 |
| | ) | |
| PHILLIP J. SHOWS | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 698]. Through counsel, the defendant asks the court to resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The prosecution has responded [doc. 707], deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

Specifically, the defendant asks for a reduced sentence of 90 months which includes reapplication of an 11-month reduction "for prior jail credit time" [doc. 698, p. 2], and the United States does not oppose that request [doc. 707, p. 3]. The court cannot agree, however, that it has the authority to impose a 90-month sentence. The defendant's term of imprisonment will instead be reduced to 100 months, which should still render him eligible for release on November 2, 2015.

I.      **Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow

exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**.

18 U.S.C. § 3582(c)(2) (emphasis added). If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became

2

effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). The court "<u>shall not</u>" reduce a defendant's term of imprisonment to a term "<u>less than the minimum of the amended guideline range</u>," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C) (emphases added).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II.    Factual Background

By judgment dated October 25, 2010, this court sentenced the defendant to 111 months' imprisonment as to Count One (conspiracy to distribute and possess with the intent to distribute oxycodone) and Count Three (money laundering conspiracy), to be served concurrently for a net term of 111 months. The defendant's guideline range was 121 to 151 months, based on a total offense level of 29 and a criminal history category of IV.

---

[1] As will be further discussed below, guideline 1B1.10 provides only one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). No such motion was filed as to this defendant.

3

In calculating the defendant's sentence, the court began at a within-guideline term of 122 months and then applied an 11-month reduction to account for time already served on a related and already discharged sentence from the 19th Circuit Court, Indian River County, Florida. The 11-month reduction was a downward departure pursuant to Application Note 4 of U.S.S.G. § 5G1.3 (now Application Note 5), resulting in the below-guideline sentence of 111 months. According to the Bureau of Prisons, the defendant is presently scheduled for release on May 7, 2016.

**III.  Analysis**

Applying Amendment 782, the defendant's new guideline range is 100 to 125 months, based on a total offense level of 27 and a criminal history category of IV. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii), (iii). Having done so, the court finds that the defendant should be granted a sentence reduction to 100 months, the bottom of his new guideline range.

Neither party has articulated how a below-guideline sentence of 90 months would be authorized in this case. As noted, this court is statutorily permitted to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a

4

sentencing range that has subsequently been lowered by the Sentencing Commission[,]" <u>but only if</u> "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Guideline 1B1.10 is a policy statement of the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10 (2014). With one exception not applicable to this case, policy statement 1B1.10 instructs that "the court **shall not** reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." *Id.* § 1B1.10(b)(2)(A) (emphasis added). The inapplicable exception is where a below-guideline sentence was originally imposed pursuant to a substantial assistance motion filed by the government. *See id.* §1B1.10(b)(2)(B). Under those circumstances, the court can then incorporate a comparable substantial assistance reduction in the amended sentence. *See id.*

As mentioned, no substantial assistance motion was filed in this case. Instead, the defendant's original below-guideline sentence was imposed pursuant to Application Note 4 of U.S.S.G. § 5G1.3 (2009) which provides,

> In the case of a <u>discharged</u> term of imprisonment, a **downward departure** is not prohibited if the defendant (A) has completed serving a term of imprisonment; and (B) subsection (b) [of U.S.S.G. § 5G1.3] would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. <u>See</u> § 5K2.23 (Discharged Terms of Imprisonment).

U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.4 (2009) (emphases added).

5

Application Note 4 was satisfied at the original sentencing because the defendant had completed service of a term of imprisonment for related conduct and would have been eligible for an "adjustment" under § 5G1.3(b) if his discharged prior sentence had instead been partially <u>un</u>discharged.  Guideline 5G1.3 applies only to <u>un</u>discharged terms of imprisonment.  *See* U.S. Sentencing Guidelines Manual § 5G1.3   It is for that reason that Application Note Four directs the reader to U.S.S.G. § 5K2.23 which applies to <u>discharged</u> terms of imprisonment and provides in material part,

> A **<u>downward departure</u>** may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 . . . would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense.

*Id.* § 5K2.23 (emphasis added).  Plainly, a below-guideline sentence pursuant to § 5K2.23 is the result of a "downward departure."  *See id.*

Returning to the Sentencing Commission's § 1B1.10 policy statement, Application Note Three makes clear that the court cannot carry over a prior departure or variance that would result in an amended sentence below the amended guideline range.  *See* U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.3 (2014).  The court can only sentence below the amended guideline range if it is imposing a substantial assistance reduction comparable to the one imposed at the original sentencing.  *See id.*  Therefore, imposing a term of imprisonment of less than 100 months in this case would not be consistent with the Sentencing Commission's applicable policy statements and is thus not authorized by 18 U.S.C. § 3582(c)(2).

6

This court is aware of the *United States v. Malloy* ruling from the United States District Court for the Northern District of New York. The *Malloy* court acknowledged that application of § 5K2.23 "is technically a 'departure.'" However, Malloy received an amended sentence 20 months below his amended guideline range pursuant to § 5K2.23 because, "A contrary result would be, simply put, inequitable." *Malloy*, 845 F. Supp. 2d 475, 484-85 (N.D.N.Y. 2012).

Guideline 1B1.10 can indeed sometimes produce a result that could be viewed as inequitable. This court nonetheless remains statutorily bound by 18 U.S.C. § 3582 and is not authorized to impose an amended sentence inconsistent with "applicable policy statements issued by the Sentencing Commission," such as U.S.S.G. § 1B1.10. *See* 18 U.S.C. § 3582(c)(2).

Lastly, the court recognizes that guidelines 1B1.10 and 5K2.23 are both policy statements of the Sentencing Commission and are arguably in conflict with one another. To the extent that a conflict does exist, the court concludes that it is § 1B1.10 which controls. Guideline 1B1.10 is the more specific statement, relating to what "shall not" happen in a sentence reduction. Guideline 5K2.23, on the other hand, only advises what "may be appropriate" at an initial sentencing. Further, § 1B1.10 expressly references 18 U.S.C. § 3582(c)(2) six times, whereas § 5K2.23 references no statute at all. *See, e.g., United States v. Williams*, 575 F.3d 1075, 1078 (10th Cir. 2009). Most particularly, § 1B1.10(a)(1) specifies that "[a]s required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement."

7

"None of the other . . . 'policy statements' speak directly to § 3582, and none constitutes an exercise of the Commission's authority under [28 U.S.C.] § 994[u]. Instead, these [other policy] statements are simply advisements by the Commission . . . ." *Williams*, 575 F.3d at 1078.

**IV. Conclusion**

For these reasons, the defendant's motion [doc. 698] is **GRANTED IN PART**. The defendant's term of imprisonment is reduced to **100 months**. If this sentence is less than the amount of time the defendant has already served, the sentence shall instead be reduced to "time served." *See id.* § 1B1.10(b)(2)(C).

Except as provided above, all provisions of the judgment dated October 25, 2010, shall remain in effect. **The effective date of this order is November 2, 2015**. *See id.* § 1B1.10(e)(1).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge